WILLIAM E. URBAN *et al. d.b.a.* PARK HILL NURSING HOME *vs.* EDWARD P. REIDY, *Director, State Department of Social Welfare.*

MAY 29, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

ANDREWS, J. This is a petition for an alternative writ of mandamus which was filed in the superior court. The respondent demurred to the petition and his demurrer was sustained whereupon the petitioners appealed to this court.

They allege that under public laws 1948, chapter 2111, respondent granted them a two-year license on February 25, 1955 to conduct a convalescent home; that on June 21, 1955 respondent revoked that license and after a hearing refused to withdraw his revocation; that before the expiration of the license period they requested in writing an application from respondent to renew said license; that respondent or his agents refused to issue such application; and that he refused and still refuses to renew their license. The petitioners further allege that those parts of chap. 2111 having to do with the revocation and the renewal of licenses are unconstitutional in that they do not state the grounds upon which a revocation or refusal to renew must be based. This is not correct because the statute provides that refusal on the part of the licensee to submit to an inspection is a valid ground for revocation. Furthermore, the statute specifically provides that a license shall be renewed "unless reasonable cause for a refusal shall exist." There is nothing in the petition alleging judicial review or attempted judicial review of the order of revocation. The prayer of the petition is not for a hearing of any kind but for the renewal and reissuance of the license.

The ground of the demurrer is that alternative manda-

mus is not a proper action under the facts disclosed by the petition. The respondent admitted at the hearing that the constitutionality of a statute could not ordinarily be raised by mandamus but he invokes an exception, which we have neither accepted nor rejected here, that where the respondent relies upon a statute as a justification for his action the constitutionality of that statute can be raised by the petitioner or relator. We need not decide that point because for aught that appears in this petition the revocation was based upon petitioners' refusal to allow an inspection. That is a definite and explicit statutory ground for revocation and no attack has been made on its constitutionality.

With the revocation standing and nothing appearing to affect its validity, the petitioners were not entitled to a renewal of their license since there was no license to renew. This alone justified the sustaining of the demurrer and we need not consider any other contention of the parties.

The petitioners' appeal is denied, and the cause is remanded to the superior court.

*Robert J. Harrop, Harry F. McKanna, Jr.*, for petitioners.

*Leo M. Cooney,* for respondent.